IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
(INDIANAPOLIS)

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| TRESLONG DAIRY LEASING, LLC | : | Case No. 10-12031 |
| | : | |
| | : | Chapter 11 |
| | : | |
| | : | Judge Anthony J. Metz |

**SECURED CREDITOR FIFTH THIRD BANK'S MOTION FOR RELIEF FROM STAY AND ABANDONMENT AS TO THE REAL AND PERSONAL PROPERTY LOCATED AT 9332 WEST 750 SOUTH, AMBIA, INDIANA 47917**

Now comes Secured Creditor Fifth Third Bank (hereafter "Fifth Third"), by and through undersigned Counsel, pursuant to 11 USC 362(d)(1) and (d)(2) and Rule 4001 of the Bankruptcy Rules and moves this Court to issue an Order granting it relief from the automatic stay and abandonment. Specifically, Fifth Third is not adequately protected, there is no equity in the underlying collateral, the debtor is not acting in good faith and the property is unnecessary to an effective reorganization as the Debtor will be unable to propose a feasible plan. As a result, relief is appropriate. This Motion is supported by the Memorandum in Support attached hereto.

    Respectfully submitted,

    KEMP, SCHAEFFER & ROWE
    CO., LPA

    BY:   /s/ Erica Ann Probst
    Erica Ann Probst      (0073486 Ohio)
                          (21673-53 Indiana)
    88 West Mound Street
    Columbus, Ohio 43215
    Telephone:   (614) 224-2678
    Facsimile:   (614) 469-7170
    Erica@ksrlegal.com

**MEMORANDUM IN SUPPORT OF MOTION**

I.  **INTRODUCTION**

For the reasons set forth more fully below, Fifth Third is entitled to the relief from the automatic stay to recover its collateral and to sell same in a commercially reasonable manner, that being the real property located at 9332 West 750 South, Ambia, Indiana, the complete legal description for which is attached hereto as Exhibit A and all chattels and business equipment located thereon (the "Real Property").

II.  **BACKGROUND**

1. Fifth Third recovered judgment against Treslong Dairy Leasing, LLC, the Debtor-in-Possession (hereinafter "Debtor") along with affiliated companies Midwest Dairy Investments, LLC and Vreba Hoff Holdings, LLC in the Court of Common Pleas of Licking County, Ohio on May 7, 2009 in the amount of $9,273,400.32, plus interest from May 7, 2009 at 8½ % over LIBOR.  A copy of the judgment entry is attached hereto and incorporated by reference as Exhibit B.

2. The judgment arose from an obligation due and owing to Fifth Third from the Debtor in the amount of $9,275,000.00 on a note executed January 8, 2007 (the "Note").

3. In order to secure the indebtedness due and owing to Fifth Third on the Note, Debtor executed and delivered to Fifth Third its certain mortgage deed on the Real Property which Mortgage was filed of record in Benton County, Indiana in O.R. Volume 188, Pages 524 through 543, a copy of which is attached hereto and incorporated by reference as Exhibit C (the "Mortgage").

4. In addition, to further secure such indebtedness, Debtor executed and delivered to Fifth Third a certain Security Agreement dated January 8, 2007, a copy of which is attached hereto and incorporated by reference as Exhibit D.

5. To perfect its interest, Fifth Third filed a UCC-1 Financing Statement with the Indiana Secretary of State.

6. As a result of the default in the payment of the obligation of Debtor to Fifth Third, Fifth Third commenced an action to foreclose the Mortgage in the Benton Circuit Court in Case Number 04C01-0905-MF-98 on or about May 13, 2009 (the "Foreclosure Action").

7. Fifth Third secured a judgment in the Foreclosure Action and upon the filing of a precipe for an Order of Sale, the Benton County Sheriff scheduled the Sheriff's sale of the Real Property for August 11, 2010 at 9:00 a.m.

8. Debtor filed a petition under Chapter 11 of the Bankruptcy Code on August 10, 2010 at approximately 7:56 p.m. creating a stay of the scheduled Sheriff's sale.

9. The proceeds from the Fifth Third loan were used to acquire the Real Property and for the construction of a dairy to be leased by the Debtor to Treslong Dairy.

10. The Debtor failed to complete construction of the dairy and it remains 90% completed[1].

11. A receiver was appointed in the Foreclosure Action to protect and maintain the Real Property and to seek to sell the Real Property for the highest attainable value.

12. The receiver secured a purchaser ready, willing and able to purchase the Real Property (real and personal) for $5,850,000.00 which contract was acceptable to Fifth Third

---

[1] The percentage of completion varies based upon who is being asked and Fifth Third is advised that it will require an expenditure of approximately $1.5 million to complete the dairy and make it operational.

3

whose collateral was being sold by the receiver and the parties proceeded with efforts to close such sale which did not happen giving rise to the scheduled Sheriff's sale of August 11, 2010.

13. Because of the nature of the Real Property, the timing of the prospective Sheriff's sale and the timing of the filing of the bankruptcy have severe impacts on the willingness of the current prospective purchaser to purchase the Real Property at this time and the overall value of the Real Property in general.

14. As stated above, the dairy is not completed and it will require 45 to 60 days to complete the dairy to enable whoever operates the dairy to bring in cows.

15. There is currently 12,000 tons of silage on the site which is not enough to allow full occupancy of the project and in fact, in order to make the project fully operational, an additional 15,600 tons of silage must be acquired.

16. The prospective purchaser has made arrangements for the delivery of 15,600 tons of silage, however the harvesting of the silage and the delivery of the silage need to commence during the week of August 16 and absent relief from the stay, Fifth Third cannot continue to pursue the sale of the Real Property, the prospective purchaser cannot get possession of the Real Property, and the silage cannot be purchased and delivered. In addition, the prospective purchaser is prepared to purchase the 12,000 tons of silage on site.

17. Until and unless someone funds the roughly $1,500,000.00 to complete the dairy, it cannot open and income cannot be generated.

18. With accrued interest, the indebtedness to Fifth Third is in excess of $10,000,000.00 and the market value of the Real Property is less than $7,000,000.00.

**III.    Legal Argument**

4

19. The automatic stay imposed by virtue of 11 USC §362 may be lifted for cause, including lack of adequate protection, lack of good faith and otherwise. In re Boomgarden, 780 F.2d 657, 663 (7th Cir. 1985). The automatic stay may also be vacated if the debtor has no equity in the property at issue and if the property is not necessary to an effective reorganization of the debtor. Id.

20. In the present case, the Debtor is not in a position to provide continuing protection adequate or otherwise for Fifth Third Bank's interest in and to the collateral securing Debtor's repayment obligations. To the contrary, Debtor's assets are being dissipated in contravention of Fifth Third Bank's rights.

21. In addition, Debtor has no equity in the property at issue and there is no hope for an effective reorganization as Debtor has no income or no income generating interest. To be sure, the dairy farm at issue along with the equipment is not operable without additional work which has yet to be completed.

22. Further, the Debtor lacks the good faith necessary for the filing of a bankruptcy petition. Based upon the factors relied upon by the Court in In Re Barbara Ann Grieshop, 63 B.R. 657 (N.D. In 1986) the Debtor is not acting in good faith. Specifically, Debtor has no unsecured creditors; the petition was filed on the eve of a foreclosure; the foreclosed property is the sole asset of the Debtor; the Debtor has no ongoing business or employees; there is no possibility of reorganization; the debtor has no income to operate the dairy farm and the debtor filed solely to create the automatic stay.

23. Fifth Third Bank is therefore entitled to relief from the automatic stay.

24. Fifth Third Bank does not waive the requirement of 11 USC §362(e) of the U.S. Bankruptcy Code and further has filed a Motion for Expedited Hearing in conjunction with this pleading.

**WHEREFORE**, Fifth Third Bank respectfully requests this Court enter an Order granting Fifth Third Bank relief from the automatic stay, and authorizing Fifth Third Bank to proceed with its rights and remedies with respect to the real property and personal property of the Debtor in accordance with applicable non-bankruptcy law and directing the abandonment of such real property and personal property, and granting such other and further relief as is just and proper.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE
CO., LPA

BY:  /s/ Erica Ann Probst
Erica Ann Probst    (0073486 Ohio)
                    (21673-53 Indiana)
88 West Mound Street
Columbus, Ohio 43215
Telephone:    (614) 224-2678
Facsimile:    (614) 469-7170
Erica@ksrlegal.com

## CERTIFICATE OF SERVICE

     Undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served upon the following this 11th day of August 2010 via regular U.S. Mail as well as electronic mail:

Treslong Dairy Leasing, LLC
1290 Shoop Avenue
Suite 140
Wauseon, Ohio 43567

KC Cohen
151 N. Delaware Street
Suite 1104
Indianapolis, Indiana 46204

United States Trustee
101 W. Ohio Street
Suite 1000
Indianapolis, Indiana 46204

DeLaval, Inc.
11100 N. Congress Avenue
Kansas City, Missouri 64153-1296

                                      Respectfully submitted,

                                      Kemp, Schaeffer & Rowe
                                      Co., LPA

                                      By: /s/ Erica Ann Probst
                                      Erica Ann Probst (0073486)

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., LPA

BY: /s/ Erica Ann Probst
Erica Ann Probst　　(0073486 Ohio)
　　　　　　　　　　(21673-53 Indiana)
88 West Mound Street
Columbus, Ohio 43215
Telephone:　(614) 224-2678
Facsimile:　(614) 469-7170
Erica@ksrlegal.com

## CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served upon the following via regular U.S. Mail:

Treslong Dairy Leasing, LLC
1290 Shoop Avenue
Suite 140
Wauseon, Ohio 43567

KC Cohen
151 N. Delaware Street
Suite 1104
Indianapolis, Indiana 46204

United States Trustee
101 W. Ohio Street
Suite 1000
Indianapolis, Indiana 46204

DeLaval, Inc.
11100 N. Congress Avenue
Kansas City, Missouri 64153-1296

Kemp, Schaeffer & Rowe
Co., LPA

By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)